IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFTON ROBINSON, | ) | CASE NO. 1:14 CV 178 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CHRISTOPHER LaROSE, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Clifton Robinson for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Robinson is currently incarcerated by the State of Ohio at the Trumbull Correctional Institution in Leavittsburg, Ohio,[3] where he is serving a sentence of 16 years to life imposed in 2012 by the Cuyahoga County Court of Common Pleas after his conviction at a jury trial on two counts of murder, as well as one count of felonious assault and one count of aggravated assault.[4]

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Jeffrey J. Helmick in a non-document order entered on February 14, 2014.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.* Robinson erroneously lists all the charges on which he was indicted as being the charges on which he was convicted. *See*, ECF # 1 at 1. In fact, as will be discussed later, the trial court dismissed one charge before it was sent to the jury, and the jury convicted Robinson on two lesser included offenses as they relate to two other indicted charges.

In his petition, Robinson claims that his convictions were not supported by sufficient evidence,[5] that the trial court erred by admitting positive character evidence pertaining to the victim,[6] and that he received ineffective assistance from his trial counsel, who allegedly was deficient in not presenting a motion for acquittal on two of the counts and failed to object to the character evidence.[7] In its return of the writ, the State argues first that the claim related to the admission of character evidence should be dismissed as procedurally defaulted because no contemporaneous objection to that evidence was made at trial.[8] Further, the State asserts that the remaining grounds for relief should be denied on the merits because the state court decision denying these claims recognized the clearly established federal law relevant to the claims and that its application of that law to each claim was not unreasonable.[9] As noted, Robinson filed a traverse contending that any procedural default of the failure to object claim is excused by the ineffectiveness of counsel[10] and that the decision of the state court on the merits of the claims themselves was not a reasonable application of clearly established federal law.[11]

---

[5] ECF # 4 at 6 (citing record).

[6] *Id.* at 6.

[7] *Id.* at 8.

[8] ECF # 4 at 16.

[9] *Id.* at 19-31.

[10] ECF # 9 at 7-8.

[11] *Id.* at 3-9.

For the reasons that follow, I will recommend dismissing the petition in part as procedurally defaulted and denying the remaining grounds after AEDPA review.

## Facts

### A.    Background facts, trial and sentence

The underlying facts here were found by the Ohio appeals court on its review of the record and are presumed correct.[12]

Essentially, the underlying incident arose in the parking lot of a Cleveland nightclub in October 2010 where Robinson and his live-in girlfriend and initial co-defendant, Lydia Nord, had gone to celebrate Sweetest Day.[13] The celebration had begun earlier that afternoon when Nord had taken ecstacy and smoked marijuana with Robinson.[14] It continued at the Earth Nightclub in Cleveland's Flats where they each drank alcohol and smoked more marijuana.[15]

After an hour at the club, Nord and Robinson went to the parking lot, preparing to leave in Nord's SUV.[16] However, another vehicle was blocking their path, and a group of

---

[12] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[13] ECF # 5 (state court record) at 2.

[14] *Id.*

[15] *Id.*

[16] *Id.*

rowdy patrons was milling about in the parking lot, including one of the eventual victims, Kevin Ghee II, who had gone to the club that evening to observe his 25th birthday and had become intoxicated there.[17] He had been asked to leave the club because he had been fighting and was fighting with yet another patron in the parking lot when Nord and Robinson appeared.[18]

In the midst of this situation, Nord honked the horn of her SUV at the group to get them to move away from her vehicle, while Robinson yelled through an open window of the SUV for people to get away.[19] Ghee approached Robinson and began arguing with him, eventually punching Robinson through the open window before running off.[20] Although bystanders attempted to diffuse the situation by explaining to Robinson that Ghee was drunk, and also leaned against the passenger door of the SUV to keep Robinson inside, Robinson took a knife with a 2-3 inch blade that Nord had brought with her, opened it, and, after threatening to kill Ghee, left the SUV and chased after Ghee and another man, swinging the open knife at them.[21] After attacking the men, Robinson then returned to the SUV where he ordered Nord to drive away.[22]

---

[17] *Id.* at 1-2.

[18] *Id.* at 1.

[19] *Id.* at 1-2.

[20] *Id.*

[21] *Id.*

[22] *Id.*

Ghee was stuck by Robinson's knife during the attack and died later that night from a stab wound to his neck that punctured his jugular vein.[23] Dorian Williams, a friend of Ghee's who had reached into Nord's SUV to unsuccessfully prevent the vehicle from driving away after Ghee's murder, was slashed by Robinson from the middle of his cheek to the middle of his lip, requiring 46 stitches to close the wound.[24]

Robinson and Nord were arrested, and Robinson was charged with aggravated murder, murder, two counts of felonious assault and attempted murder.[25] Nord was also charged with multiple offenses, but ultimately entered into a plea agreement by which she pled guilty to only two charges of obstructing justice in return for testifying against Robinson.[26] Nord testified at trial, as did the other victim of the knife attack, as well as others who had been in the parking lot that evening.[27] The jury also saw surveillance video of the incident.[28]

Before sending the matter to the jury, the trial judge dismissed the charge of attempted murder.[29] The jury, for its part, convicted Robinson of the lesser included offense of murder on the charge of aggravated murder in count one, and further convicted him of murder as

---

[23] *Id.* at 2, 4.

[24] *Id.*

[25] *Id.* at 1.

[26] *Id.* at 1, 2.

[27] *Id.* at 2-3.

[28] *Id.*

[29] *Id.* at 3.

charged in count two, and of the felonious assault of Ghee and the aggravated assault of Dorian, that being a lesser included offense of the charged crime of felonious assault.[30] On January 17, 2012,[31] Robinson was sentenced to a total term of 16 years to life in prison as well as terms of mandatory post-release control, and was ordered to pay restitution to Ghee's family.[32]

## B.    Direct appeal

### 1.    *Ohio court of appeals*

On February 14, 2012, Robinson, now represented by new counsel, timely filed[33] a notice of appeal from his conviction and sentence.[34] In his brief, Robinson presented the following four assignments of error:

---

[30] *Id.*

[31] A *nunc pro tunc* sentencing entry reflecting a minor correction to the original sentencing entry was entered on February 17, 2012.  *See*, ECF # 4 at 6.

[32] ECF # 5 at 3, 26-27. I also note that Nord, who had pled guilty to two counts of obstructing justice as paet of her plea agreement, was sentenced to one year in prison and five years of community control. *Id.* at 1.

[33] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[34] ECF # 5 at 1350.

1.     APPELLANT'S CONVICTIONS ARE UNCONSTITUTIONAL AS THEY ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10 AND SIXTEEN OF THE OHIO CONSTITUTION, AND SECTION 2921.12(A)(1) OF THE OHIO REVISED CODE.

2.     THE TRIAL COURT ERRED AND COMMITTED REVERSIBLE ERROR WHEN IT ADMITTED CHARACTER EVIDENCE, EVIDENCE OF OTHER FACTS, AND IRRELEVANT EVIDENCE AGAINST APPELLANT.

3.     APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF STRICKLAND V. WASHINGTON, THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

4.     THE TRIAL COURT FAILED TO PROPERLY ADVISE APPELLANT OF POST RELEASE CONTROL.[35]

The State filed a brief in response,[36] and on November 29, 2012, the Ohio appeals court overruled all the assignments of error except the one dealing with the trial court failing to properly advise Robinson of the post-release control aspect of his sentence, and so remanded the case for that limited purpose.[37]

---

[35] *Id.* at 1356.

[36] *Id.* at 1384.

[37] *Id.* at 1401. The trial court subsequently issued a *nunc pro tunc* entry clarifying how the various periods of post-release control applied to the individual counts on which Robinson was convicted. *Id.* at 1418.

2.      *Supreme Court of Ohio*

On January 14, 2013, Robinson, acting through the same counsel as had represented him before the Ohio appellate court, timely filed[38] a notice of appeal with the Ohio Supreme Court from the November 29, 2012 decision of the Ohio court of appeals.[39] In his memorandum in support of jurisdiction, Robinson raised the following three propositions of law:

> ### PROPOSITION OF LAW NUMBER ONE
>
> APPELLANT'S CONVICTIONS ARE UNCONSTITUTIONAL AS THEY ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, AND SECTION 2921.12(A)(1) OF THE OHIO REVISED CODE.
>
> ### PROPOSITION OF LAW NUMBER TWO
>
> THE TRIAL COURT ERRED AND COMMITTED REVERSIBLE ERROR WHEN IT ADMITTED CHARACTER EVIDENCE, EVIDENCE OF OTHER ACTS, AND IRRELEVANT EVIDENCE AGAINST APPELLANT.

---

[38] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[39] ECF # 5 at 1419.

## PROPOSITION OF LAW NUMBER THREE

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF <u>STRICKLAND V. WASHINGTON</u>, THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.[40]

The State did not file a brief opposing jurisdiction, and on March 13, 2013, the Supreme Court of Ohio declined jurisdiction and dismissed the appeal.[41] The record does not indicate that Robinson then sought a writ of certiorari from the Supreme Court of the United States.

### C.  Federal habeas petition

On January 21, 2014,[42] Robinson, *pro se*, timely filed[43] the present petition for federal habeas relief.[44] In the petition, Robinson raises the following three grounds for relief:

> **GROUND ONE:** The Petitioner has been prejudicially deprived of his Actual Innocence and his 14th Amendment Due Process Rights with this conviction on Insufficient Evidence to prove every element of the crime beyond a reasonable doubt.

---

[40] *Id.* at 1423.

[41] *Id.* at 1461.

[42] This is the date the petition was placed into the prison mail system. ECF # 1 at 12. Under *Houston v. Lack*, 487 U.S. 266, 270 (1988), this is the date the petition is deemed to be filed.

[43] *Id.* This petition was filed less than one year after the Ohio Supreme Court declined to accept jurisdiction and dismissed Robinson's appeal on March 13, 2013, and so is timely.

[44] ECF # 1.

**GROUND TWO:** The Trial Court erred and committed reversible error when it admitted character evidence of other acts and Irrevlant [sic] evidence against Petitioner in violation of the 14th. Amendment and Due process Rights.

**GROUND THREE:** Petitioner was prejudicially deprived his Constitutional Right to Effective Assistance of Counsel in violation of the 6th. And 14th. Amendments to the United States Constitution.[45]

As noted above, the State in its return of the writ argues that ground two is procedurally defaulted because no contemporaneous objection was made to the introduction of the character evidence regarding the victim.[46] It further argues that the remaining claims should be denied after AEDPA review because the Ohio court decision denying these claims was not an unreasonable application of clearly established federal law.[47] Robinson, in his traverse, contends that the procedural default of ground two is excused because of the ineffectiveness of his trial counsel, and further maintains that the decisions of the Ohio appeals court were unreasonable applications of clearly established federal law.[48]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

---

[45] *Id.* at 4, 6, and 8.

[46] ECF # 4 at 16.

[47] *Id.* at 19-32.

[48] ECF # 9.

1.      There is no dispute that Robinson is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Robinson meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[49]

2.      There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[50]

3.      In addition, Robinson states,[51] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[52]

4.      Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[53]

5.      Finally, although Robinson filed a motion for appointment of counsel,[54] that motion was denied.[55] He requested an evidentiary hearing in his petition.[56] When viewed in light of the controlling rubric cited below, I recommend finding that Robinson has not established a reason to

---

[49] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[50] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[51] ECF # 1 at 10.

[52] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[53] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[54] ECF # 8, 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[55] ECF # 10.

[56] ECF # 1 at 12. 28 U.S.C. § 2254(e)(2).

conduct an evidentiary hearing in this matter, and so recommend that Robinson's request for such a hearing be denied.[57]

## B.      Standards of review

### 1.      Procedural default

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[58]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)      Does a state procedural rule exist that applies to the petitioner's claim?

(2)      Did the petitioner fail to comply with that rule?

(3)      Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)      Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[59]

---

[57] As stated by the Sixth Circuit, "federal courts are prohibited from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013) (citing *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011)).

[58] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[59] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

-12-

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[60]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[61] In addition, a showing of actual innocence may also excuse a procedural default.[62]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[63] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[64] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[65]

---

[60] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[61] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[62] *Id.*

[63] *Id.* at 753.

[64] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[65] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[66] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[67]

## 2.    *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[68]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[69] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

---

[66] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[67] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[68] 28 U.S.C. § 2254(d).

[69] *Williams v. Taylor*, 529 U.S. 362 (2000).

differently than this Court has on a set of materially indistinguishable facts."[70] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[71]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[72] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[73]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[74] and "highly deferential" to the decision of the state court.[75] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

---

[70] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[71] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[72] *Williams*, 529 U.S. at 411.

[73] *Id.* at 409.

[74] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[75] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

decision."[76] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[77]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[78]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[79] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[80] In such circumstances, the federal habeas court must give deference to the decision of the state court.[81]

---

[76] *Richter*, 131 S. Ct. at 786.

[77] *Id.* at 786-87.

[78] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[79] *Richter*, 131 S. Ct. at 784-85.

[80] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[81] *Brown*, 656 F.3d at 329.

-16-

C.     **Application of standards**

1.      *Ground two – claiming that the trial court erred in admitting character evidence favorable to the victim – should be dismissed as procedurally defaulted because, as the state appeals court noted, an objection in this regard is waived unless made contemporaneously, and Robinson's attorney failed to object at trial. This procedural default is not excused by claimed ineffectiveness of counsel because that claim was rejected by the Ohio appeals court in a decision that was not an unreasonable application of clearly established federal law.*

In ground two, Robinson asserts that the trial court denied him due process when it admitted character evidence favorable to the victim.

I note first that questions of admissibility of evidence, when based on state law such as abuse of discretion, are deemed to arise only under state law and not to state a constitutional claim on which federal habeas relief may be granted.[82] An admissibility of evidence question may state a federal constitutional claim only if the claimed error was so egregious that the petitioner was denied a fundamentally fair trial,[83] and the Supreme Court has defined "very narrowly" the category of infractions that violate "fundamental fairness."[84]

That said, however, while the State here recognizes the narrow window through which a state court evidentiary ruling must pass to be cognizable in a federal habeas proceeding,[85] it nevertheless grounds its argument on dismissing ground two in the procedural default that

––––––––––––––––

[82] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[83] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

[84] *Bey v. Begley*, 500 F.3d 514, 522 (6th Cir. 2008) (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)).

[85] ECF # 4 at 24-26.

was created when Robinson's attorney failed to preserve this issue for appeal by contemporaneously objecting to the evidence at trial.[86]

In that regard, it observes that the Ohio appeals court explicitly found that Robinson's failure to contemporaneously object to the introduction of this evidence at trial waived any challenge to that decision on appeal except for a plain error review.[87] Further, the State notes that Ohio's contemporaneous objection rule has long been held to be an adequate, independent state law ground to support a procedural default.[88] Moreover, it notes that plain error review is not review on the merits, and undertaking such review does not invalidate the Ohio court's previous finding of a procedural default.[89]

The State also observes that although a procedural default may be overcome by demonstrating actual innocence or a showing on the part of the petitioner of cause for the default and prejudice from the federal habeas court not reviewing the claim,[90] Robinson's claim that the default is excused by the ineffective performance of his trial counsel is unavailing.[91]

_____

[86] *Id.* at 16-19.

[87] *Id.* at 17 (quoting appeals court decision).

[88] *Osborne v. Ohio*, 495 U.S. 103, 124 (1990).

[89] *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000) (quoting *Harris v. Reed*, 489 U.S. 255, 257 (1989)).

[90] ECF # 4 at 18.

[91] *Id.* at 19.

Specifically, the State notes that the Ohio appeals court in its plain error review found that the positive testimony about the victim did not violate Ohio Evidence Rule 403(A).[92] It further notes that this state court interpretation of its own evidentiary rules is not reviewable by the federal habeas court.[93] Thus, it argues, if this Court must give deference to the determination that no Ohio evidentiary rule was violated by the introduction of this evidence, it follows that Robinson's trial counsel cannot be constitutionally ineffective for not objecting to this evidence.[94] Accordingly, if cause and prejudice has not been established, and there has been no proof of actual innocence, the State argues that this claim has been procedurally defaulted and should be dismissed.[95]

Robinson in his traverse attempts to argue that the State is inconsistent in its presentation of the procedural default issue by, on one hand, claiming that this issue was waived for appellate review and then, on the other hand, citing the appellate opinion for proof that counsel was not ineffective for not objecting to a proper introduction of evidence.[96] But any alleged inconsistency is only perceived by Robinson and is not actual. There is no question, as observed above, that a state court's plain error review does not constitute a repudiation of the underlying procedural default that had been cited by the state court as the

---

[92] *Id.*

[93] *Id.* (citing *Estelle*, 502 U.S. at 67-68).

[94] *Id.*

[95] *Id.*

[96] ECF # 9 at 9.

reason for plain error review. And there is also no question that the conclusion in plain error review that no error was present in the introduction of the relevant evidence is a state court decision on a question of state law that is not reviewable by the federal habeas court. Therefore, the State's conclusions: (1) that this claim is subject to dismissal as procedurally defaulted, and (2) that the alleged ground for excusing the default – ineffective assistance of trial counsel – is without merit because no ineffectiveness can be premised on a failure to object to permissible evidence, are both valid.

Accordingly, for the reasons stated above, I recommend that ground two – alleging error by the trial court in admitting favorable character evidence concerning one of the victims – should be dismissed here as procedurally defaulted.

**2.**	***Ground one – claiming insufficient evidence – should be denied after AEDPA review because the decision of the Ohio appeals court in this regard was not an unreasonable application of the clearly established federal law of Jackson v. Virginia.***[97]

In this claim, as he argued throughout the Ohio appeals process, Robinson asserts that there was insufficient evidence to support his conviction for the aggravated assault of Dorian Williams, the victim who was wounded but did not die as a result of Robinson's attack. In particular, Robinson contends that there was no evidence that a deadly weapon – a knife – caused Williams's injuries. He argues that Williams testified that he never saw the knife and that broken glass from the SUV, which was being struck by bystanders in an attempt to prevent it from leaving the parking lot, may have cause Williams's facial injuries.

---

[97] *Jackson v. Virginia*, 443 U.S. 307 (1979).

The Ohio appeals court, in adjudicating this claim, explicitly cited to *Jackson*, the clearly established federal law relevant to this issue, as *Jackson* has been incorporated into Ohio law by means of the Ohio Supreme Court decision of *State v. Jenks*.[98] The appeals court then applied this clearly established federal law to the facts here in the following analysis:

{ ¶ 23} In this assignment of error, defendant challenges his conviction for aggravated assault, and challenges the evidence that a deadly weapon or dangerous ordnance was used in this matter because Dorian admitted that he never saw "the actual blade" and that breaking glass may have caused defendant's injuries.

{ ¶ 24} On review for sufficiency of the evidence supporting a conviction, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997–Ohio–52, 678 N.E.2d 541. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{ ¶ 25} Aggravated assault is defined in R.C. 2903.12(A)(1) as follows:

No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly * * * [c]ause serious physical harm to another * * *.

{ ¶ 26} Aggravated assault occurs only when a person, under extreme emotional stress, brought on by serious provocation, is incited to use deadly force and knowingly causes physical harm to another. *State v. Mabry*, 5 Ohio App.3d 13, 20, 449 N.E.2d 16 (8th Dist.1982).

---

[98] *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{ ¶ 27} Following our review of the entire record, we note that Nord testified that defendant had a knife on October 17, 2010. Nord and Haugabrook both testified that after Ghee punched defendant, defendant opened the knife to expose the blade and placed it on his thigh, and that he threatened to kill Ghee. Colley testified that she observed defendant slash Ghee twice, and Evans observed defendant with a knife immediately after Ghee was attacked. Dorian indicated that he then confronted defendant in the Tahoe SUV and that defendant cut him. Forty-six stitches were required to close this wound. From all of the foregoing, we conclude there was sufficient evidence from which any rational trier of fact could have concluded beyond a reasonable doubt that defendant used a knife during both the attack on Ghee and the attack on Dorian. Accord *State v. Paythress*, 8th Dist. No. 91554, 2009–Ohio–2717, ¶ 8 (sufficient evidence established that defendant had a knife, though no weapon was recovered from the scene and a broken mirror was nearby, where roommate observed the defendant with a box cutter and X–Acto knife, defendant threatened to cut roommate, and evidence established that cut was consistent with cuts caused by a blade).[99]

Contrary to Robinson's protestations to the contrary, the Ohio appeals court reasonably applied the *Jackson* test to the facts of this case by viewing that evidence in the light most favorable to the prosecution, and then assessing those established facts against the elements of the offense spelled out in Ohio law. In particular, and as noted by the appeals court, even if Williams could not definitively testify that he knew a knife had caused his injuries, he testified that a "bladed weapon" had been used to cut open his face, and the reality that his wounds were caused by slashing is beyond doubt. As the State notes in this regard, a bladed weapon, such as razor, more than adequately fits under the requirement that use of a "deadly weapon" be proved.[100]

---

[99] ECF # 5 at 3-4.

[100] ECF # 4 at 23-24 (collecting Ohio cases).

Consequently, after AEDPA review, I recommend that ground one be denied on the merits because the decision of the Ohio appeals court on this claim is not an unreasonable application of the clearly established federal law of *Jackson*.

**3.      Ground three – alleging ineffective assistance of trial counsel for: (1) not moving for acquittal on the charge of aggravated assault because there allegedly had been no proof that a knife was used, and (2) not objecting to the introduction of character evidence favorable to the murder victim – should be denied here after AEDPA review because the decision of the state appeals court in this regard was not an unreasonable application of the clearly established federal law of Strickland v. Washington.[101]**

The Ohio appeals court dealt with this claim on direct appeal in a brief, but thorough, analysis:

> { ¶ 42} In order to successfully assert ineffective assistance of counsel under the Sixth Amendment, a defendant must show not only that the attorney made errors so serious that he was not functioning as "counsel," as guaranteed by the Sixth Amendment, but also that the deficient performance was so serious as to deprive defendant of a fair and reliable trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

> { ¶ 43} Because we have separately addressed the underlying assignments of error and found them to be without merit, defendant's claim of ineffective assistance based upon these same grounds must likewise fail. *See State v. Henderson*, 39 Ohio St.3d 24, 33, 528 N.E.2d 1237 (1988). In addition, because the individual assignments of error are without merit, we will not recognize cumulative error. *State v. Viceroy*, 8th Dist. No. 97031, 2012–Ohio–2494, ¶ 22.

> *8 { ¶ 44} This assignment of error is without merit and overruled.[102]

---

[101] *Strickland v. Washington*, 466 U.S. 668 (1984).

[102] ECF # 5 at 5.

Simply put, if neither alleged instance of deficient performance is actually deficient as a matter of law, there can be no final determination that counsel was constitutionally deficient. The state court here, after explicitly citing *Strickland* as the applicable law in this situation, then properly concluded that no showing of deficient performance can be made in this case, and that without such a showing, the claim must fail.

After AEDPA review, I recommend finding that this decision of the Ohio court is not an unreasonable application of *Strickland*, and thus, this claim should be denied.

## Conclusion

For the foregoing reasons, I recommend first that no evidentiary hearing be conducted, and then that this petition be dismissed in part as procedurally defaulted and denied in part on the merits, as is more fully set forth above.

Dated: March 27, 2015                          s/ William H. Baughman, Jr.
                                               United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[103]

---

[103] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

-24-