UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Clifton Robinson,                                                        Case No. 1:14-cv-00178

              Petitioner

v.                                                                      ORDER

Christopher Larose, Warden,

              Respondent

      Before me is the Report and Recommendation of Magistrate Judge William H. Baughman, Jr., recommending denial of Petitioner Clifton Robinson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 11; Doc. No. 1). Magistrate Judge Baughman also recommended Robinson's request for an evidentiary hearing be denied. (Doc. No. 11 at 11-12). After receiving an extension of time, Robinson filed his objections to the Report and Recommendation. (Doc. No. 14).

      Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on

those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147).

Robinson asserts three grounds for relief: (1) he was deprived of "his Actual Innocence and his 14th Amendment Due Process Rights" because there was insufficient evidence to support his conviction; (2) the trial court improperly admitted irrelevant character evidence; and (3) he was deprived of his right to the effective assistance of counsel at trial. (Doc. No. 11 at 9-10). Magistrate Judge Baughman recommends I deny Robinson's petition because his first and third grounds for relief lack merit and his second ground for relief was procedurally defaulted. Magistrate Judge Baughman determined Robinson's first ground for relief should be denied because the state court's decision was not an unreasonable application of clearly-established federal law. (Doc. No. 11 at 23). The Magistrate Judge recommends I deny Robinson's second ground for relief as procedurally defaulted based on the contemporaneous-objection rule. (Doc. No. 11 at 19-20). Lastly, Magistrate Judge Baughman concluded Robinson's ineffective-assistance-of-counsel argument should be denied because Robinson based the deficient-performance portion of his claim on counsel's failures relating to the first two grounds of his petition. (Doc. No. 11 at 23-24).

Robinson contends the Magistrate Judge erred in recommending I reject his first ground for relief because Robinson has pointed to evidence showing the prosecution did not meet its burden of proof beyond a reasonable doubt. (Doc. No. 14 at 3-5). A petitioner may be entitled to a writ of habeas corpus "if the relevant state-court decision was either (1) 'contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)) (emphasis removed). Robinson fails to take into account the shift in the standard applied to the review of his claims. When an appellate court reviews a defendant's conviction for sufficiency of the evidence, the court must view the evidence "in the light most favorable to the

2

prosecution" and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (emphasis in original). Robinson fails to show the appellate court's conclusion was contrary to or an unreasonable application of federal law.

If a state procedural rule prevents the state courts from considering the merits of a petitioner's claims, the claims are procedurally defaulted and a federal court may not consider them. *Alley v. Bell*, 307 F.3d 380, 386 (6th Cir. 2002). A claim is procedurally defaulted if (1) there is a state procedural rule the petitioner did not follow; (2) the state courts actually enforced the rule; (3) the procedural rule is an adequate and independent state ground that may foreclose federal review of the petitioner's claims; and (4) the petitioner cannot show "cause" for failing to follow the rule and "prejudice" resulting from this failure. *Carter v. Mitchell*, 443 F.3d 517, 537-38 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1985)). A procedural default may be excused if a miscarriage of justice would result from enforcing the procedural default. *Carter*, 443 F.3d at 538.

As the Magistrate Judge noted, Ohio's contemporaneous-objection rule consistently has been recognized as an adequate and independent state ground to bar federal habeas review of a claim. *See Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000). Further, while Ohio courts may disregard the contemporaneous objection rule in certain cases, these instances are "isolated" and have been held to be "like those [cases] in which some minor inconsistency in applying the rule has been noted but held not to be severe enough to override, the federalism, finality[,] and comity interests served by enforcing the bar." *Id.* at 869. The Ohio courts did not disregard the rule in reviewing Robinson's claims and he has not shown cause and prejudice to excuse his failure to abide by the rule.

Finally, I overrule Robinson's objection regarding his third claim for relief because he relies on his first two grounds for relief to show his trial counsel's performance was deficient under

3

*Strickland v. Washington*, 466 U.S. 668, 687 (1984), and I already have concluded Robinson is not entitled to relief on those grounds.

Following review of the Magistrate Judge's Report and Recommendation, I overrule Robinson's objections and adopt the Report and Recommendation in its entirety as the Order of the Court. Robinson's petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and his request for an evidentiary hearing are denied.

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Robinson's petition has not met this standard. I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

                                          s/ Jeffrey J. Helmick
                                          United States District Judge